[No. 3984.]
MACKEY v. MAGNON.

1. PARTNERSHIP—CONTRACTS—PRESUMPTIONS.

Where a partnership agreement is in writing it is presumed that all previous negotiations concerning the same were merged in writing.

2. EVIDENCE—CONTRACTS—PAROL AND WRITTEN.

A parol agreement directly repugnant and contrary to the terms of a written agreement does not come within the exception that sometimes permits parol evidence of other and further agreements than the one expressed in the writing.

*Error to the Court of Appeals.*

Mr. T. M. S. RHETT for plaintiff in error.

Mr. WM. O'BRIEN for defendant in error.

*Per Curiam.*—This is a writ of error to a judgment of the court of appeals. The opinion by Thomson, presiding judge, is reported in 12 Colo. App. 137 (54 Pac. Rep. 907). The action is in the nature of one to open up a partnership account and set aside a settlement alleged to have been made through the fraud of the defendant Magnon (defendant in error here); and in the complaint there is a prayer that defendant be directed to make a conveyance to plaintiff of an interest in a mining claim standing in his name, and which was said to be part of the firm assets. The judgment of the district court was a money judgment in the sum of $553 for the plaintiff; and it would seem from the decree, although not altogether clear, that the court quieted title in defendant of a mining claim standing in his name, and did the same with respect to property the legal title of which was in plaintiff. However that may be, the conveyance of real property, as asked by plaintiff, was denied.

Complaint is made here that the money judgment was too small, but the finding of the amount due was upon conflicting evidence, and, under the established rule of this court, must stand. The assets of the co-partnership, whether consisting of real estate or ·personalty, are, for partnership purposes, usually considered personal property, and in this action to adjust firm accounts, it is questionable if a freehold is involved, in the sense in which that term is used in our statute, merely because some of the firm assets are real estate, and we certainly have not jurisdiction unless a freehold is involved. If that element is not present, this writ should be dismissed for want of jurisdiction. The question is not raised by either party, and as the writ must, for another reason, be dismissed, it is immaterial whether the ruling be based on the proposition suggested, or on the ground which we now proceed to state.

It conclusively appears from the pleadings that the agreement as to the alleged partnership was reduced to writing, and the presumption is that all previous negotiations concerning the same were therein merged, and there is no evidence to the contrary. Neither is there any proof that there was an additional, or other, agreement subsequently entered into. Indeed, the so-called additional agreement which the plaintiff alleges in his complaint, and which he seeks to establish upon the principle that other or further agreements than that expressed in a writing may sometimes be shown, does not fall within that rule, or rather exception, for it is directly repugnant and contrary to the terms of the writing. According to the written instrument, the real estate which the plaintiff asks to have considered in the settlement of the partnership accounts was not embraced therein. It expressly states that the parties to it were to share only in the profits that might accrue from a sale, if sale was had, of the two different properties, one standing in the name of the plaintiff, and the other in that of the de-

fendant.  There was no agreement that upon a dissolution
of the partnership, or settlement of its business, there should
be a conveyance by one partner to the other of either tract
of real property then standing in his name.  As the property
was not sold, it did not form a part of the partnership busi-
ness, or come within the provisions of the contract, and the
court below properly ruled when it refused to order a cov-
veyance as requested.

For these reasons which are set forth with greater fullness
in the opinion of the court of appeals, its judgment is right
and the writ should be dismissed, and it is so ordered.

*Writ of error dismissed.*